**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **K.H.,** *et al.*, | **Civil Action Nos. 1:19-03124-ACR** |
| | **1:20-00753-ACR** |
| **Plaintiffs,** | **1:21-00512-ACR** |
| | **1:21-00663-ACR** |
| **v.** | **1:21-00670-ACR** |
| | **1:21-00671-ACR** |
| **DISTRICT OF COLUMBIA,** *et al.*, | **1:24-02206-ACR** |
| | **1:24-02207-ACR** |
| **Defendants.** | |

**DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS OR, ALTERNATIVELY,
MOTION IN LIMINE, AND REQUEST FOR EXPEDITED BRIEFING SCHEDULE**

**Table of Contents**

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................ 1

LEGAL STANDARD.................................................................................................................... 3

ARGUMENT ................................................................................................................................. 4

    I.      Plaintiffs' Disclosure of Greene Is Untimely......................................................................... 4

    II.     Greene's Proposed Testimony Is Inadmissible...................................................................... 8

    III.   The Court Should Order Expedited Briefing on This Motion. ....................................... 10

CONCLUSION............................................................................................................................. 11

# Table of Authorities

**Cases**                                                                                               **Pages(s)**

*Corrigan v. Glover*,
  254 F. Supp. 3d 184 (D.D.C. 2017)................................................................................... 4
*Davis v. Bud & Papa, Inc.*,
  885 F. Supp. 2d 85 (D.D.C. 2012)................................................................................... 10
*District of Columbia v. Zukerberg*,
  880 A.2d 276 (D.C. 2005) ............................................................................................... 7
*Dowling v. United States*,
  493 U.S. 342 (1990) ......................................................................................................... 4
*Ecological Rts. Found. v. EPA*,
  541 F. Supp. 3d 34 (D.D.C. 2021).................................................................................. 10
*\*Elion v. Jackson*,
  544 F. Supp. 2d 1 (D.D.C. 2008)................................................................................. 3, 8
*Graves v. District of Columbia*,
  850 F. Supp. 2d 6 (D.D.C. 2011)..................................................................................... 3
*Greene v. District of Columbia Child & Family Services Agency*,
  322 A.3d 542 (D.C. 2024) ................................................................................................ 9
*Harvey v. District of Columbia*,
  798 F.3d 1042 (D.C. Cir. 2015)....................................................................................... 8
*Luce v. United States*,
  469 U.S. 38 (1984) ........................................................................................................... 3
*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ......................................................................................................... 7
*\*Molock v. Whole Foods Mkt. Grp.*,
  . No. 16-cv-02483 (APM), 2020 WL 13049429 (D.D.C. Dec. 16, 2020).............................. 5, 8
*Novak v. Cap. Mgmt. & Dev. Corp.*,
  No. 01-cv-00039 (HHK/JMF), 2004 WL 7334070 (D.D.C. Feb. 26, 2004)...................... 5, 6
*Scenic Am., Inc. v. United States Dep't of Transportation*,
  836 F.3d 42 (D.C. Cir. 2016)............................................................................................ 7
*SEC v. McDermott*,
  No. 19-cv-04229, 2022 WL 2337312 (E.D. Penn. June 24, 2024) ............................................ 9
*Smith v. District of Columbia*,
  413 F.3d 86 (D.C. Cir. 2005)............................................................................................ 7
*U.S. ex rel. El-Amin v. George Washington Univ.*,
  533 F. Supp. 2d 12 (D.D.C. 2008)................................................................................. 3, 8
*United States v. Jackson*,
  627 F.2d 1198 (D.C. Cir. 1980)........................................................................................ 4
*\*United States v. NortonLifeLock, Inc.*,
  567 F. Supp. 3d 248 (D.D.C. 2021).................................................................................. 8
*Williams v. Johnson*,
  747 F. Supp. 2d 10 (D.D.C. 2010).................................................................................... 4
*Wood v. Day*,
  859 F.2d 1490 (D.C. Cir. 1988)........................................................................................ 7

**Rules**

\*Federal Rule of Civil Procedure 26 (a), (e)................................................................ 4, 5
Federal Rule of Evidence 401 ....................................................................................... 8, 9
Federal Rule of Evidence 402........................................................................................... 8
\*Federal Rule of Civil Procedure 37(c) ...............................................................*passim*
Federal Rule of Evidence 602 ......................................................................................... 10

**INTRODUCTION**

Defendants District of Columbia and the D.C. Child and Faily Services Agency

("CFSA," and together with the District of Columbia, "the District") move, pursuant to Federal

Rules of Civil Procedure 37 and 7, to preclude Plaintiffs from offering the testimony of Christian

Greene during the hearing concerning Plaintiffs' standing.  Plaintiffs first disclosed Greene as a

possible witness, and a person with relevant knowledge, last month—nearly a year after the close

of discovery in this case—without justification.  Rule 37 requires that this witness be excluded.

What is more, Greene lacks relevant personal knowledge anyway.  Greene last worked for the

District of Columbia in May 2017, one year and five months before any event serving as the

factual predicate for any Plaintiff's claims in this case.  She has no knowledge of the Plaintiffs'

individual allegations, and no knowledge of agency policies or practices during the time of any

alleged diversions or currently.  The Court should not countenance Plaintiffs' untimely attempt

to offer Greene's irrelevant testimony.  The District asks the Court to prohibit Greene from

testifying at the upcoming hearing concerning Plaintiffs' standing, set to begin on April 13,

2026, and further requests the Court set a deadline of seven days, instead of 14, for Plaintiffs to

file a response to this Motion.  Proposed orders are attached.

Pursuant to Local Civil Rule 7(m), the District consulted with Plaintiffs concerning the

relief requested in this Motion on multiple occasions including by meeting on March 12 and

email on March 18, 2026.  Plaintiffs do not consent.

**BACKGROUND**

In December 2025, the Court set an evidentiary hearing to hear testimony concerning

Plaintiffs' standing to seek relief in the above-captioned case, to begin on April 13, 2026.  *See*

Minute Order of Dec. 23, 2025.  The Court did not set any pre-hearing deadlines.  The District

first proposed that the Parties agree on a pre-hearing schedule at the summary judgment hearing on December 17, 2025, and Plaintiffs agreed to the concept.  On January 8, 2026, by email to Plaintiffs, the District proposed a pre-hearing schedule with dates for the exchange of witness lists (and other things), to begin on January 22, 2026.  The District shared the names of the two witnesses it intended to call and indicated it may call two or three more.  The District reached out to Plaintiffs again on January 12 and 23, 2026.  Plaintiffs first responded on January 30, indicating they would call "the Plaintiffs and perhaps a few other people associated with CFSA." The Parties met to confer about the hearing on February 19, 2026.  At that time, Plaintiffs declined to share the names of any proposed witnesses, other than the Plaintiffs themselves.

On February 27, 2019, Plaintiffs served the District with a supplemental version of their initial disclosures, which newly identified Christian Greene as a potential witness.  *See* Ex. A, Pls.' Second Supp. to Initial Disclosures, at 2.  The disclosure described Ms. Greene as a "Clinical Social Worker; former CFSA ombudsperson and social worker," and the subject matter of her knowledge as "Allegations in the Complaints, particularly with respect to CFSA policies, procedures, and practices."  *Id*.  Ms. Greene was not in any prior version of Plaintiffs' initial disclosures, nor was she ever identified by any Plaintiff as a person having relevant knowledge in response to the District's interrogatory requests.

On March 2, 2026, in response to a question from the District, Plaintiffs' counsel indicated they would include Ms. Greene on their witness list for the April 13 hearing.  On March 6, 2026, by email, the District objected to the inclusion of Ms. Greene as a witness, on the grounds that she lacks relevant personal knowledge and was not timely disclosed.

On March 10, 2026, the Parties exchanged draft witness lists for the hearing.  Plaintiffs' list includes Ms. Greene (and dozens of other witnesses) and proffers the following:

> Ms. Greene will testify based on her personal knowledge and firsthand observations regarding CFSA's policy and practice of kinship diversion and its effects on children and families, the relationship between CFSA's actions and any actions that are or may be taken by OAG and Family Court, and CFSA's approach to foster care licensure requirements.

The Parties conferred concerning the dispute by video conference on March 12, 2026 and corresponded about it by email thereafter.

## LEGAL STANDARD

### I.    Discovery Sanctions

Federal Rule of Civil Procedure 37(c) governs sanctions for failure to disclose information, documents, or witnesses in discovery.  Subpart (c)(1) provides that if "a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  "Rule 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant." *Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008).  "The burden is on the party facing sanctions to prove that its violation was either substantially justified or harmless." *Id*. at 6.

### II.    Evidentiary Objections

Motions in limine, though not expressly recognized in the Federal Rules, are permitted "pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  They serve "to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011) (quotations and citations omitted).  When moving in limine, "parties should target their arguments to demonstrating why certain evidence should (or should not) be introduced at trial[.]" *Id*. (quoting *U.S. ex rel. El-Amin v. George Washington Univ.*, 533 F. Supp. 2d 12, 19

3

(D.D.C. 2008)).  Thus, the resolution of a motion in limine turns on whether "evidence should or should not, *for evidentiary reasons*, be introduced at trial."  *Williams v. Johnson*, 747 F. Supp. 2d 10, 18 (D.D.C. 2010) (emphasis in original).  "'[T]he burden is on the introducing party to establish relevancy,' as well as admissibility."  *Corrigan v. Glover*, 254 F. Supp. 3d 184, 191 (D.D.C. 2017) (quoting *Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990)).  Courts have discretion to rule pretrial or to wait, *id*. at 192, but a "pretrial ruling, if possible, may generally be the better practice, for it permits counsel to make the necessary strategic determinations," *id.* at 191 (quoting *United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir. 1980)).

## ARGUMENT

### I.       Plaintiffs' Disclosure of Greene Is Untimely.

Greene's testimony should be excluded under Federal Rule of Civil Procedure 37(c) because Plaintiffs failed to timely disclose her as a potential witness.  As discussed above, Rule 37(c) operates to automatically exclude any witnesses who were not disclosed "as required by Rule 26(a) or (e)," unless the proponent can show the failure "was substantially justified or is harmless."  Legal Standard, *supra*.  Plaintiffs did not disclose Greene as required by Rule 26, cannot justify their failure, and the failure prejudices the District.  Green's testimony should therefore be wholly excluded.

Plaintiffs were required at multiple points during discovery to provide the District with the names of all persons with relevant knowledge and/or whom they might use in their case. Federal Rule of Civil Procedure 26(a)(1) requires all parties to an action to "provide to the other parties: (i) the name, and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for

4

impeachment." Rule 33(b) requires all parties to respond to interrogatory requests "fully and in writing under oath," "within 30 days after being served with the interrogatories."

Plaintiffs were also required to provide any updates to their responses "in a timely manner." "Rule 26(e) requires a party to supplement or correct" discovery responses "'*in a timely manner* if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'" *Molock v. Whole Foods Mkt. Grp.*,. No. 16-cv-02483 (APM), 2020 WL 13049429, at *1 (D.D.C. Dec. 16, 2020) (quoting Fed. R. Civ. P. 26(e)(1)(A) (emphasis in *Molock*)). Supplementation is usually timely "if it allows enough time for the opposing party to use the information effectively during the discovery period by, for example, taking the deposition of a witness identified for the first time in the supplement if the party wishes." *Id.* (quoting *Novak v. Cap. Mgmt. & Dev. Corp.*, No. 01-cv-00039 (HHK/JMF), 2004 WL 7334070, at *5 (D.D.C. Feb. 26, 2004) (discussing prior iteration of Rule 26(e), which required prior discovery to be "seasonally amend[ed]")). "While no hard and fast rule is appropriate, gamesmanship is to be avoided at all costs." *Id.* (quoting *Novak*, 2004 WL 7334070, at *5).

Plaintiffs provided initial disclosures and interrogatory responses but did not supplement their discovery responses in a timely manner. Plaintiffs' counsel have personally known Greene since at least September 2020, when Plaintiffs' attorneys Marla Spindel and Stephanie McClellan posted an interview they conducted with Greene concerning her opinions about CFSA policies and practices, "kinship diversion," and "hidden foster care." *See* DC KinCare Alliance, "Episode 11: Part 3 of DC KinCare Alliance's Interview with Special Guest Christian Greene, the Former Internal Ombudsperson for the DC Child and Family Services Agency (CFSA),

5

Regarding Illegal Third Party Placements and Missing Documents (Part 3)" (Sept. 29, 2020), *available at* https://tinyurl.com/4c3rpawc [last accessed Mar. 18, 2026].  Thus, Plaintiffs' counsel have known Greene, and her supposedly relevant knowledge of the allegations in Plaintiffs' complaints, for at least five and a half years.

Yet, when Plaintiffs served their initial disclosures on May 18, 2023—more than two and a half years after Plaintiffs' counsel interviewed Greene—they did not include Greene.  On December 21, 2023, the District served interrogatories on each Plaintiff.  Interrogatory Number Four asked each Plaintiff to "[i]dentify all persons with relevant knowledge of the allegations in your complaint . . . and subject matter of their relevant knowledge."[1]  That interrogatory specifically mentioned "relevant District employees," "persons knowledgeable about your alleged damages," and "any other persons with relevant knowledge."  *Id.*  When Plaintiffs responded in February 2024, none identified Greene.  Discovery closed more than a year later— and more than a year ago—on March 14, 2025.  Scheduling Order [71].

Plaintiffs' belated disclosure is not "substantially justified."  *See* Rule 37(c)(1).  During the Parties' meet and confer, Plaintiffs stated they had not previously disclosed Ms. Greene because they did not expect traceability to be an issue, and they newly needed her to speak on the relationship between CFSA's actions and those of OAG and the Family Court.[2]  Even assuming

---

[1]    The interrogatory states: "Identify all persons with relevant knowledge of the allegations in your complaint, including their full name, contact information, and subject matter of their relevant knowledge.  Do not include your legal counsel in this action, but be sure to include all relevant District employees; anyone with whom you had a contemporaneous conversation about the incidents alleged in your complaint; persons knowledgeable about your alleged damages (such as treating medical professionals); and any other persons with relevant knowledge."

[2]    And that response addresses just one of the three topics about which Plaintiffs propose Greene should speak.  *See* Background, *supra* ("Ms. Greene will testify . . . regarding CFSA's policy and practice of kinship diversion and its effects on children and families, *the relationship between CFSA's actions and any actions that are or may be taken by OAG and Family Court,*

6

that is true, Plaintiffs should have known, even before filing their complaints, that they would have the burden to prove both traceability, as an element of standing, and, similarly, causation on the merits, as well as the occurrence of damages, all of which require some evidence on that point, since Plaintiffs could not possibly have been placed into foster care for anything more than a few days without action by both OAG and the Family Court. *E.g.*, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–62 (1992) (standing); *Scenic Am., Inc. v. United States Dep't of Transportation*, 836 F.3d 42, 50 (D.C. Cir. 2016) (standing); *Smith v. District of Columbia*, 413 F.3d 86, 102 (D.C. Cir. 2005) (causation under Section 1983); *District of Columbia v. Zukerberg*, 880 A.2d 276, 281 (D.C. 2005) (torts require proof of proximate causation); *Wood v. Day*, 859 F.2d 1490, 1492–93 (D.C. Cir. 1988) (requiring proof of the occurrence of future damages).  If a failure to think through the elements of one's case could "substantially justify" a failure to disclose evidence in discovery, the narrow exception in Rule 37 would swallow all the other discovery rules and deadlines.  That cannot be the law.  Plaintiffs' failure to disclose Greene for that reason is not substantially justified.

Finally, Plaintiffs' untimely disclosure prejudices the District.  The discovery period is, of course, closed, and the District has been denied the opportunity to explore Greene's testimony through the use of document requests, subpoenas, or depositions.  Even if discovery were reopened, a hearing that already promises to include more than a dozen witnesses (perhaps more) is mere weeks away, and it would be prejudicial to force the District to spend its already limited time and resources in that period on conducting new discovery.  (Particularly since, as discussed below, Greene's testimony is likely to be of so little value, even if it were permitted and

---

and CFSA's approach to foster care licensure requirements.") (emphasis added).  The other two topics were surely known, disputed issues during discovery.

admitted, and Plaintiffs *did* identify and depose 23 other CFSA witnesses in discovery.)

For all of these reasons, and because "gamesmanship is to be avoided at all costs," *Molock*, 2020 WL 13049429, at \*1, the Court should exclude Greene's testimony.  *Id.*; *see also*, *e.g.*, *Harvey v. District of Columbia*, 798 F.3d 1042, 1057–58 (D.C. Cir. 2015) (finding no abuse of discretion when court excluded witness under Rule 37 that was not timely disclosed); *Elion*, 544 F. Supp. 2d at 4–7 (excluding under Rule 37 witness that was not disclosed until pretrial statement); *United States v. NortonLifeLock, Inc.*, 567 F. Supp. 3d 248, 271–73 (D.D.C. 2021) (same, finding that belated disclosure prejudiced the opposing party by "depriv[ing]" it "of the opportunity to make informed decisions about whether and when to depose them").

## II.    **Greene's Proposed Testimony Is Inadmissible.**

Even if the Court permits Plaintiffs to present a very recently disclosed witness, Greene's testimony should be excluded because Greene lacks relevant personal knowledge.

Greene's proposed testimony is irrelevant because *all of it* is based on personal knowledge of CFSA policies and practices as they existed in May 2017 or before, which is 17 months before the earliest "diversion" alleged by any Plaintiff.  "An item of proof is relevant if it tends to prove or disprove any material issue of fact in a case." *United States v. George Washington Univ.*, 533 F. Supp. 2d 12, 20 (D.D.C. 2008) (quoting 2 Weinstein's Federal Evidence § 401.02); *see also* Fed. R. Evid. 401 (defining relevant evidence as having "any tendency to make a fact [that is "of consequence"] more or less probable than it would be without the evidence").  "Because the rule is 'silent as to what factors the court must consider . . . [c]ourts cannot employ a precise, technical, legalistic test for relevance; instead, they must apply logical standards applicable in every day life.'" *Id.* (quoting *id.*) (alterations added).  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.

As quoted above, Plaintiffs' proposed witness list states that Greene "will testify based on her personal knowledge and firsthand observations," which in turn is based on her tenure at CFSA as a social worker and ombudsperson.  Greene began working at CFSA in 2009, as a social worker investigating claims of abuse or neglect, and she continued in that role until she became Ombudsman at CFSA in 2015.  *See Greene v. District of Columbia Child & Family Services Agency*, 322 A.3d 542, 551 (D.C. 2024).[3]  But Greene left CFSA on May 15, 2017—nearly *nine* years ago, and more than a year before the earliest allegations in Plaintiffs' complaints, since the earliest "diversion" that Plaintiffs allege occurred in October 2018.  *See* Defs.' Reply to Pls.' Counter-Stmt. Of Disputed Facts at ¶¶ 33–34.  Thus, to the extent Greene has personal knowledge concerning allegations in Plaintiffs' complaints, that knowledge predates the earliest relevant time period by more than a year, almost a year and a half.  *Id*.; *Greene*, 322 A.3d at 551.  Moreover, to the extent Green's testimony would depend upon her own experience and observations as a social worker handling cases, such knowledge predates the allegations in the complaints by *many years*, because she last personally handled cases in 2015. *Greene*, 322 A.3d at 551.  Ms. Greene's knowledge of CFSA policies and practices more than a year and half before, or many years before, the earliest alleged incident is irrelevant because, as a matter of simple logic, such outdated memories do not tend to make Plaintiffs' allegations more or less likely to be true, and Greene's testimony should be wholly excluded as irrelevant.  *See* Fed. R. Evid. 401, 402; *see also SEC v. McDermott*, No. 19-cv-04229, 2022 WL 2337312, at *13 (E.D. Penn. June 24, 2024) (excluding evidence of "policies and procedures" that "were not in

---

[3]    CFSA terminated Greene in 2017; Greene filed a lawsuit soon after alleging that CFSA leaders terminated her because she made statements to leadership indicating that CFSA was violating D.C. law (specifically, laws concerning the scope and terms of Greene's own role and position as ombudsman). *See id.*  The litigation is still ongoing.

effect at the time of the" alleged misconduct as irrelevant).

Second, and for the same reasons, Greene lacks personal knowledge of any CFSA policies or procedures as they existed or operated at the time of the alleged diversions, or as they currently exist. Pursuant to Federal Rule of Evidence 602, a "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Personal knowledge generally means that the witness learned something via "sensory perception—*i.e.*, the zap of electricity she heard and the electrical shock she felt," *Davis v. Bud & Papa, Inc.*, 885 F. Supp. 2d 85, 90–91 (D.D.C. 2012), or "through the performance of his or her official duties," *Ecological Rts. Found. v. EPA*, 541 F. Supp. 3d 34, 47 (D.D.C. 2021) (internal quotations omitted). Here, Greene has no personal knowledge of CFSA's policies or procedures when the allegations in any of Plaintiffs' complaints occurred because she was simply not there—she could not possibly speak to any sensory perceptions, or experience through performance of official duties, at any relevant times. Thus, Greene's testimony should be wholly excluded under Federal Rule of Evidence 602. *Cf. id.*

**III.    The Court Should Order Expedited Briefing on This Motion.**

Finally, given that Plaintiffs propose to present Greene's testimony in less than a month, the Court should order Plaintiffs to respond to this Motion within seven days. Local Civil Rule 7(b) provides that opposing parties may file oppositions to a motion "[w]ithin 14 days of the date of service or at such other time as the Court may direct . . . ." Here, the District desires a decision on this Motion as soon as possible, so that counsel will know whether or not they need to prepare for Greene as a witness, what exhibits may need to be added, and the like. Seven days provides Plaintiffs ample time to respond under the circumstances and would permit the Court more time to consider the issue before the hearing and before ruling.

10

**CONCLUSION**

For the foregoing reasons, the Court should preclude Plaintiffs from offering Greene's testimony, and should, in any event, order Plaintiffs to file any opposition to this motion within seven days, that is, by or before March 25, 2026.

Dated: March 18, 2026.                          Respectfully submitted,


BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ Matthew R. Blecher
MATTHEW R. BLECHER [1012957]
Chief, Equity Section, Civil Litigation Division

/s/ Honey Morton
HONEY MORTON [1019878]
Assistant Chief, Equity Section

/s/ Mateya B. Kelley
MATEYA B. KELLEY [888219451]
GREGORY KETCHAM-COLWILL
[1632660]
AMANDA C. PESCOVITZ [1735780]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 724-5824
Email: mateya.kelley@dc.gov


*Counsel for Defendants*


11

**RULE 37 CERTIFICATION**

Pursuant to Federal Rule of Civil Procedure 37, I certify that Defendants District of Columbia and the D.C. Child and Faily Services Agency conferred with Plaintiffs in good faith on March 12, 2026, and by email exchanged on March 2, 6, 12, 14 and 18, in an effort to obtain the relief sought by this motion, without court action.

/s/ Mateya B. Kelley
MATEYA B. KELLEY [888219451]
Assistant Attorney General

12